UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HEALTH CARE SERVICES CORPORATION,

    Plaintiff

Vs.                      Case No. 09-cv-1213 ACT/LFG

SOUTHWEST TRANE, and
PETERSON WATER TREATMENT,

    Defendants.

## ANSWER TO COMPLAINT AND CROSS-CLAIM

For its answer to the Complaint by Plaintiff **Health Care Services Corporation** ("HCSC"), Defendant **Southwest Trane Inc.** ("Trane") states:

    1.    Trane is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint; therefore, those allegations are denied.

    2.    The allegations of Paragraph 2 of Plaintiff's Complaint regarding Trane's principal place of business as One Centennial Avenue, Piscataway, New Jersey, is admitted. The allegation regarding Reno, Nevada is denied. Trane admits the remaining allegations of Paragraph 2.

    3.    Trane is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint; therefore, those allegations are denied.

4. Trane is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint; therefore, those allegations are denied.

5. Answering Paragraph 5, Trane states that the allegations contained in this paragraph state legal conclusions that do not necessitate an answer. Trane admits that the Court has personal jurisdiction over Trane.

6. The allegations of Paragraph 6 are admitted.

7. The allegations of Paragraph 7 of the Complaint are denied.

8. The allegations of Paragraph 8 of the Complaint are admitted.

9. The allegations of Paragraph 9 of the Complaint are admitted with regard to the cost of the Service Agreement. The allegations of the remainder of Paragraph 9 are denied.

10. In answering the allegations of Paragraph 10, Trane states that the Service Agreement speaks for itself. Trane admits that HCSC terminated the Service Agreement between HCSC and Trane. Trane denies it had any fault in the events in which HCSC's equipment was damaged.

11. The allegations of Paragraph 11 of Plaintiff's Complaint are admitted.

12. In answering Paragraph 12, Trane admits that the Service Agreement contains the terms and conditions of service to be performed by Trane. Trane denies that the Service Agreement is attached. Trane affirmatively states that it did not breach the Service Agreement.

13. The allegations of Paragraph 13 of the Complaint are admitted.

14. The allegations of Paragraph 14 of the Complaint are admitted.

15. The allegations of Paragraph 15 are denied.

16. In answering Paragraph 16, Trane states that the Service Agreement speaks for itself. If Paragraph 16 is to be interpreted that Trane was in any way at fault or breached the contract, such allegations are denied.

17. The allegations of Paragraph 17 are admitted.

18. Answering Paragraph 18, Trane admits that this Paragraph 18 states some of the recommendations Trane made with regard to HCSC's equipment.

19. The allegations of Paragraph 19 of Plaintiff's Complaint are denied.

20. The allegations of Paragraph 20 of Plaintiff's Complaint are denied.

21. The allegations of Paragraph 21 are denied.

22. The allegations of Paragraph 22 are denied.

23. The allegations of Paragraph 23 of Plaintiff's Complaint are admitted.

24. Trane is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint; therefore, those allegations are denied.

25. Trane is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint; therefore, those allegations are denied.

26. Trane is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint; therefore, those allegations are denied.

27. Trane is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint; therefore, those allegations are denied.

28. The allegations of Paragraph 28 of Plaintiff's Complaint are admitted.

29. In answering Paragraph 29 of Plaintiff's Complaint, Trane admits that Peterson's treatment of the tubes was, in part, what damaged the unit. Trane denies that this is the only cause of the damage to the unit.

30. Trane incorporates its foregoing answers to Paragraphs 1-29 of Plaintiff's Complaint as if fully set forth herein.

31. The allegations of Paragraph 31 of the Complaint are denied.

32. The allegations of Paragraph 32 of the Complaint are admitted.

33. The allegations of Paragraph 33 of the Complaint are denied.

34. The allegations of Paragraph 34 of the Complaint are denied.

35. The allegations of Paragraph 35 of the Complaint are denied.

36. The allegations of Paragraph 36 of the Complaint are denied.

37. Trane incorporates its foregoing answers to the Complaint as if fully set forth herein.

38. Trane admits that every contract in the State of New Mexico contains the covenant of good faith and fair dealing.

39. In answering the allegations of Paragraph 39, those allegations are denied because they do not state, in full, the covenant of good faith and fair dealing.

40. In answering Paragraph 40 of the Complaint, Trane denies the allegation with regard to subcontractors who are not parties to the Service Agreement. Trane admits that HCSC could expect Trane to perform pursuant to the Service Agreement. All other allegations contained in Paragraph 4 of the Complaint are denied.

41. The allegations of Paragraph 41 of the Complaint are denied.

42. The allegations of Paragraph 42 of the Complaint are denied.

43. The allegations of Paragraph 43 of the Complaint are denied.

44. Trane incorporates its foregoing answers to the Complaint as is fully set forth herein.

45. The allegations of Paragraph 45 of the Complaint are admitted.

46. The allegations of Paragraph 46 of the Complaint are denied.

47. The allegations of Paragraph 47 of the Complaint are denied as to Defendant Trane.

48. The allegations of Paragraph 48 of the Complaint are denied.

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

If HCSC was damaged, as alleged, which is denied, HCSC's damages occurred as a result of acts of others which Trane is not legally responsible.

## Second Affirmative Defense

If Trane was negligent, which is denied, then recovery is denied in whole or in part by the comparative negligence of HCSC, other co-defendants, and/or unnamed individuals or entities whose actions or inactions were the direct and proximate cause of the damages, if any, as alleged in the complaint.

## Third Affirmative Defense

If Trane was negligent, which is denied, then any such negligence on the part of Trane was not the proximate cause of HCSC's alleged damages.

## Fourth Affirmative Defense

HCSC has failed to mitigate its damages.

## Fifth Affirmative Defense

HCSC is not entitled to attorneys' fees under the contract or pursuant to statute.

## Sixth Affirmative Defense

HCSC's claim should be barred by the doctrine of waiver.

## CROSS-CLAIM AGAINST PETERSON WATER TREATMENT

Trane, for its cross-claim for indemnification against defendant **Peterson Water Treatment** ("Peterson") states:

1. Jurisdiction over the parties and subject matter has been established in the Complaint and Answer.

2. Peterson was hired by Plaintiff HCSC to clean two cooling towers on the HCSC Building.

3. Peterson was not hired, retained or contracted by Trane.

4. Upon information and belief, Peterson damaged the cooling towers when it attempted to clean them.

5. Trane took no action that damaged Plaintiff HCSC's property.

6. Trane did not fail to act when it had a duty to act, which caused damage to Plaintiff HCSC's property.

7. Peterson must indemnify Trane for damages, if any, assessed against Trane for Peterson's damage to HCSC's property.

WHEREFORE, Defendant Southwest Trane, Inc. Requests this Court to enter a judgment in indemnification which orders Defendant Peterson Water Treatment to indemnify Trane for all damages assessed against it and all expenditures incurred in defending this lawsuit.

Respectfully submitted,

HINKLE, HENSLEY, SHANOR & MARTIN, LLP

BY: /s/ S. Barry Paisner
S. Barry Paisner
P O Box 2068
Santa Fe, NM 87504-2068
Telephone: 505-982-4554
Facsimile: 505-982-8623
Email:
bpaisner@hinklelawfirm.com
*Attorneys for Southwest Trane, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 11th day of February, 2010 a true and correct copy of the foregoing *Answer to Complaint and Cross-Claim* has been served by electronic mail and United States mail, first-class postage prepaid, to:

Russell E. Yates
Dart M. Winkler
Yates Law Firm, LLC
1900 Wazee Street, Ste. 203
Denver, CO 80202
ryates@yateslawfirmllc.com
dwinkler@yateslawfirmllc.com
*Attorneys for Health Care Services Corporation*

Joseph B. Wosick
Attorney at Law
4908 Alameda Blvd. N.E.
Albuquerque, NM 87105
jwosick@ylawfirm.com
*Attorneys for Health Care Services Corporation*

Daniel W. Lewis
Allen, Shepherd, Lewis, Syra & Chapman, PA
P O Box 94750
Albuquerque, NM 87199-4750
dlewis@allenlawnm.com
**Attorneys for Peterson Water Treatment**

_____
S. Barry Paisner