# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

HEALTH CARE SERVICES
CORPORATION,

    Plaintiff,

v.                                    CIV. NO. 09-1213 ACT/LFG

SOUTHWEST TRANE and
PETERSON WATER TREATMENT,

    Defendants,

    and

AMERICAN HALLMARK INSURANCE
COMPANY OF TEXAS,

    Plaintiff-in-Intervention,

v.

PETERSON WATER TREATMENT,

    Defendant-in-Intervention.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court pursuant to its Order of January 21, 2011 [Doc. 139]. For the reasons below the Court will sever Plaintiff-in-Intervention's claims in this matter.

Plaintiff-in-Intervention filed its Complaint in Intervention by Insurer for Declaration of Rights under Insurance Policy ("Plaintiff-in-Intervention's Complaint") against Peterson Water Treatment ("Peterson") on October 14, 2010 [Doc. 88]. Plaintiff-in-Intervention's Complaint is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201. Plaintiff-in-Intervention is defending Peterson pursuant to a full and complete reservation of rights and contends there is no indemnity coverage. The trial in this matter is set for February 7, 2011 and the Court has it

scheduled for the entire week.

Federal Rule of Civil Procedure 21 provides in pertinent part that "[t]hat the court may...sever any claim against a party." "Courts may order a Rule 21 severance when it will serve the ends of justice and further the prompt and efficient disposition of litigation. When determining whether severance is appropriate under Rule 21, the court considers the convenience of the parties, avoiding prejudice, promoting expedition and economy, and the separability of law and logic." *United States of America v. Edelman*, 06cv1216 WPJ/RLP (D.N.M. Jan. 28, 2010) (quoting *Tab Express Int'l v. Aviation Simulation Tech., Inc.*, 215 F.R.D. 621, 623 (D. Kan. 2003)).

The Court finds that severance will serve the convenience of the parties, avoid prejudice, and minimize expense to the parties. The Court is especially concerned about the late filing of this Declaratory Judgment action and the potential prejudice to Peterson. Peterson, through his personal attorney hired to defend the Declaratory Judgment action, may have the right to conduct discovery on issues related to the Declaratory Judgment action and may need additional time to effectively prepare for trial.

**IT IS THEREFORE ORDERED** that Plaintiff-in-Intervention's Complaint and claims are severed from the present litigation.

**IT IS FURTHER ORDERED** that the Clerk of the Court will assign one new case number to the severed Complaint, with the assignment of the same judges as in this case.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**