UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HEALTH CARE SERVICES CORPORATION,

Plaintiff

vs.                                           Case No. 09-cv-1213 ACT/LFG

SOUTHWEST TRANE, and
PETERSON WATER TREATMENT,

Defendants.

## DEFENDANT SOUTHWEST TRANE'S
## OBJECTIONS TO PLAINTIFF'S OFFERED EXHIBITS

Pursuant to the Court's pretrial Order, Southwest Trane submits its objections to Plaintiff's Offered Exhibits.

1. **Objection to HCSC 000547 through 00551 (Exhibit Placeholder No. 15).**

This exhibit is objected to because it contains costs for replacement of the RTU-1 cooling unit. This exhibit is objected to pursuant to **Fed. R. Evid. 401, 402, 403.** RTU-1 should not be part of Plaintiff's damage case. This issue is presently being briefed for the Court.

2. **HCSC 001416 through HCSC 001425 (Exhibit Placeholder No. 17).**

This exhibit is a spreadsheet of costs incurred by Plaintiff. The document says "Rooftop Unit 2 Incident." The spreadsheet includes costs incurred for replacement of RTU-1. RTU-1 is not part of Plaintiff's damage case. The objection is relevancy. **Fed. R. Evid 401, 402, 403.**

3. **HCSC 001517 through 1518 (Exhibit Placeholder No. 20).**

This exhibit is a spreadsheet of costs incurred by Plaintiff. The document says "Rooftop Unit 2 Incident." The spreadsheet includes costs incurred for replacement of RTU-1. RTU-1 is not part of Plaintiff's damage case. The objection is relevancy. **Fed. R. Evid. 401, 402, 403.**

4. **Exhibit 108 to the Richard Tonda Deposition (Exhibit Placeholder No. 34).**

This is an email from a paralegal at Ingersoll Rand. Ingersoll Rand is Southwest Trane's parent company. The email solicits a mechanical expert witness. The email states *"Trane had a service contract for location and had subcontracted Peterson"*. Defendant Trane objects to this exhibit because it is hearsay. There is no showing that the paralegal, Robert Sventy, was authorized to make this statement. There is a lack of foundation. It is hearsay in that it is an out-of-court statement offered to prove the truth of the matter asserted. **Fed. R. Evid. 801.** It is not an admission by a party opponent, as the party to this litigation is Southwest Trane, not Ingersoll Rand. **Fed. R. Evid. 802.** There is no showing that the paralegal, Robert Sventy, had authorization to make this statement concerning the subject. There is no showing that Robert Sventy was acting within the course and scope of his employment when stating Peterson was a subcontractor. The email is also irrelevant. **Fed. R. Evid. 401, 402, 403.** The statement by a paralegal of a parent company is not relevant because it does not have a tendency to make the existence of any fact, as a consequence, more or less probable. **Fed. R. Evid. 401.**

Furthermore, this exhibit should be excluded in that it is prejudicial and could cause confusion and/or is a waste of the Court's time. **Fed. R. Evid. 403.**

5. **Exhibit 109 to Richard Tonda Deposition (Exhibit Placeholder No. 35).**

This is a project information form from CEA Ltd. which employs Defendant Trane's expert, Dr. Tonda. It contains a statement that Trane had a service contract for location and had subcontracted to Peterson. This statement was prepared by the secretary for CEA in the Houston office. This is hearsay because it is an out-of-court statement that asserts a statement of declarant Robert Sventy to prove the truth of the matter asserted, which is that Peterson was Trane's subcontractor. There is a lack of foundation as to what basis Cynthia T. Dixon had to assert this statement in the document at issue. It is not an admission against interest by a party opponent. **(Fed. R. Evid. 801(d)(2))** because it is not a statement by the party, but a statement by Cynthia T. Dixon, a secretary at CEA, incorporating a statement from a paralegal at Ingersoll Rand. **Fed. Rule 801(d)(2)(a).** It is not a statement which Southwest Trane has manifested an adoption or belief in its truth; in fact, Southwest Trane, from the genesis of this litigation, has denied that Peterson Water Treatment Company was its subcontractor. **Fed. R. Evid. 801(d)(2)(B).** There is no statement that either Ms. Dixon or Mr. Sventy were authorized to make the statement concerning the subject. **Fed. R. Evid. 801(d)(2)(C).** There is no showing that the statement made by Cynthia T. Dixon was within the scope of her employment. **Fed. R. Evid. 801(d)(2)(D).** The exhibit is also irrelevant and will cause prejudice, confusion and waste of time. **Fed. R. Evid. 401 through 403.**

3

6. **Exhibit Placeholder No. 46, Purchase and Stores Requisitions Forms.**

These exhibits should be excluded because they are untimely produced. The first production of these exhibits, which total 31 pages, was on January 18, 2011. This violates the Court's discovery plan. The introduction of these exhibits, after discovery is terminated and all depositions have been completed, is prejudicial to Southwest Trane.

7. **Exhibits 1511 through 1527 (Exhibit Placeholder No. 49); Objected to Exhibits: HCSC 1521, 1522, 1523, 1524, 1525, 1526 and 1527.**

Southwest Trane objects to inclusion of the above exhibits within Placeholder Exhibit 49 because they have to do with damages to RTU-1.

Southwest Trane does not object to any exhibits offered by Peterson Water Treatment Company.

WHEREFORE, Southwest Trane requests that the Court exclude the Plaintiff's offered exhibits as delineated above.

Respectfully submitted,

HINKLE, HENSLEY, SHANOR & MARTIN, LLP

S. Barry Paisner
Jaclyn M. McLean
P O Box 2068
Santa Fe, NM 87504-2068
Telephone: 505-982-4554
Facsimile: 505-982-8623
Email: bpaisner@hinklelawfirm.com
***Attorneys for Southwest Trane, Inc.***

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 28th day of January, 2011 the foregoing pleading was filed electronically through the CM/ECF system, serving the following parties or counsel by electronic means as more fully reflected on the Notice of Electronic Filing:

Dart M Winkler
Yates Law Firm, LLC
Email: dwinkler@yateslawfirmllc.com
***Attorneys for Plaintiff***

Russell E Yates
Yates Law Firm, LLC
Email: ryates@yateslawfirmllc.com
***Attorneys for Plaintiff***

Joseph B. Wosick
jwosick@lawfirm.com
April D. White
awhite@ylawfirm.com
***Attorneys for Plaintiff***

Scott P. Hatcher
shatcher@hatchertebo.com
***Counsel for Intervenor American Hallmark Insurance Company***

Matthew S. Mersfelder
Yates Law Firm, LLC
mmersfelder@yateslawfirmllc.com
***Attorneys for Plaintiff***

Daniel W. Lewis
Allen, Shepherd, Lewis, Syra & Chapman
dlewis@allenlawnm.com
***Attorneys for Peterson Water Treatment, Inc.***

Christopher P Winters
Allen, Shepherd, Lewis, Syra & Chapman
Email: cwinters@allenlawnm.com
***Attorneys for Peterson Water Treatment, Inc.***

Charles J. Noya
Attorney at Law
cnoyalaw@gmail.com
***Attorneys for Peterson Water Treatment, Inc.***

/s/ S. Barry Paisner
S. Barry Paisner